# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANNY BLAIR,

        Plaintiff,                          Case Number: 08-CV-11626

v.                                               HON. BERNARD A. FRIEDMAN

PATRICIA BARNHART, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Danny Blair has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that Defendant R. Nuckles, a prison chaplain at the Thumb Correctional Facility, made a racist remark to him when Plaintiff was working as a chaplain's clerk. Plaintiff filed a grievance complaining about the remark and was transferred to

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

another facility.  He complains that he is being housed in a higher security classification at the new facility.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  "Absent either element, a section 1983 claim will not lie."  Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

"[I]t is well-established that verbal harassment or abuse – standing alone – is not sufficient to state a constitutional deprivation under section 1983."  Gilson v. Cox, 711 F. Supp. 354, 355 (E.D. Mich. 1989).  *See also* McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name-calling usually are not actionable under § 1983"); Bender v. Brumley, 1 F.3d 271, 274 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").  Because verbal abuse, by itself, cannot state a constitutional violation under § 1983, Plaintiff fails to state a claim upon which relief may be granted with respect to this claim.

A prisoner has no constitutional right to be held in a specific security classification. Harris v. Truesdell, 79 Fed. App'x 756, 759 (6th Cir. 2003), *citing* Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  Further, a prisoner has no constitutional right to be incarcerated at a particular prison.  Merchant v. Hawk-Sawyer, 37 Fed. App'x 143, 145 (6th Cir. 2002).  Thus, Plaintiff has failed to state a claim upon which relief may be granted with regard to his transfer to another facility.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: April 24, 2008

I hereby certify that a copy of the foregoing document was served upon Danny Blair and counsel of record on April 24, 2008, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager